*T. B. Ford, for appellant. Ira Julian, for appellees.*

---

SARAH ANN JONES, ET AL. *v.* NANCY STEWART.

**Warrantor Estopped.**

     A covenanter is generally estopped from setting up an after-acquired title against his grantee or those claiming under him.

**Avoiding Estoppel.**

    The grantor warranting title is estopped from setting up an after-acquired title, but may avoid the estoppel by showing that since the execution of his covenant of warranty he has reacquired from his grantee the identical title he conveyed to him. This he may do through a conveyance, or by any other legal mode of acquiring the title, as by fifteen years' continuous adverse possession.

APPEAL FROM CALLOWAY CIRCUIT COURT.

June 5, 1879.

OPINION BY JUDGE COFER:

This action was at law, and was heard and decided by the court, neither party having demanded a jury. The evidence, when viewed most favorably for the appellants, was conflicting and fully warranted, if it did not require, the court to find that the appellee, and those under whom she claimed, had been in the actual occupancy of that part of the land which is enclosed for at least fifteen years before the suit was commenced, claiming it as their own.

That part not enclosed was not defined in the petition nor in the evidence, so as to enable the court to render judgment in appellants' favor even if the evidence warranted it. The judgment must therefore, be affirmed, unless, as appellants' counsel contend, the plea of the statute is unavailing.

We apprehend that the fact that Stewart, under whom the appellee claims, conveyed the land to Jones, under whom the appellants claim, cannot affect the decision of the question. That a covenant of warranty will sometimes, or even generally, estop the covenanter from setting up an after-acquired title against his grantee or those claiming under him is certainly true. *Smith v. Mahan,* 7 T. B. Mon. 228.

But the grantor may avoid the estoppel by showing that since the execution of his covenant he has re-acquired from his grantee the identical title he conveyed to him. This he may do either through a conveyance or by any other legal mode of acquiring the title, as by fifteen years continuous adverse possession. Such possession by Stewart tolled Jones' right of entry and vested it in Stewart, just as though Jones had derived the title from a third person.

If it were conceded, which we do not mean to do, that a vendor, who continues in possession of land after he has conveyed it to his vendee, holds in trust, the trust is still only implied, and will be barred by fifteen years of holding by the grantor under claim of

title, and especially so when he so holds with the knowledge of the grantee.

In any aspect of the case we think the statute presented a complete defense, and the judgment must be *affirmed*.

*W. L. Weathers, for appellants. L. Anderson, for appellee.*